GORDON v. MILLER.—In error.

Proof of the execution of a bond may be made by proving the hand-writing of the subscribing witnesses, after first showing that they do not reside in the state.

DEBT upon a writing obligatory. Plea, *non est factum.* Trial by jury; judgment for the plaintiff. The writing obligatory had subscribing witnesses. Neither of them was called to prove the execution of the instrument, but their hand-writing was proved. This is the error complained of. Before the plaintiff proved the hand-writing of the witnesses, he " read in evidence the deposition of a witness who testified that he was well acquainted with the two subscribing witnesses to the bond in the declaration mentioned and had been for years; that they resided in *Pennsylvania* where he was last acquainted with them, and they continued to live there when he last heard from them, which was about one year prior to the taking of said deposition (said deposition being taken in *February*, 1844, about 15 months before the trial). Said witness had removed from *Pennsylvania* and resided in this state, and no other proof was offered," &c.

It is said this proof was insufficient to dispense with the subscribing witnesses.

We understand the evidence as showing the subscribing

Nov. Term,
1849.

Deford
v.
Seinour.

witnesses to have been for years residents of *Pennsylvania*, and as continuing such at the latest intelligence of their living, some fifteen months previous. It is not shown that they ever had a residence elsewhere. We think the presumption was raised that they were still residents of *Pennsylvania*, and that a *prima facie* case for proof of their hand-writing was made.

The judgment is affirmed, &c.